LNE 9.12.24
JT: USAO 2024R00257

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. BAH-24-263 |
| | * | |
| ETHAN KING, | * | (Possession of a Firearm and |
| | * | Ammunition by a Prohibited Person, |
| Defendant. | * | 18 U.S.C. § 922(g)(1); Forfeiture, 18 |
| | * | U.S.C. § 924(d), 21 U.S.C. § 853(p), |
| | * | 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INDICTMENT

### COUNT ONE
**(Possession of a Firearm and Ammunition by a Prohibited Person)**

The Grand Jury for the District of Maryland charges that:

On or about March 15, 2024, in the District of Maryland, the Defendant,

**ETHAN KING**,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, to wit, a Glock 19 handgun, bearing serial number BRPN125, and approximately 32 rounds of 9-millimeter ammunition, and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

USDC- BALTIMORE
'24 SEP 12 PM 2:33

## FORFEITURE

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. Rule 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under Count One of this Indictment.

### Firearms and Ammunition Forfeiture

2. Upon conviction of the offense alleged in Count One of this Indictment, the Defendant,

**ETHAN KING,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offense, including but not limited to:

   a. a Glock 19 handgun, bearing serial number BRPN125, and a machinegun conversion device attached thereto; and

   b. approximately 32 rounds of 9-millimeter ammunition.

### Substitute Assets

3. If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Erek L. Barron /JST
Erek L. Barron
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED
Foreperson

09-12-2024
Date

3